UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS D ROSS, | § | |
| TDCJ # 01564611, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0291 |
| | § | |
| TEXAS STATE BAR PUBLIC | § | |
| DEFENDANT DALLAS COUNTY | § | |
| TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER OF DISMISSAL</u>

Plaintiff Thomas D. Ross is an inmate in Texas Department of Criminal Justice–

Correctional Institutions Division ("TDCJ"). He filed a complaint under 42 U.S.C.

§ 1983, alleging violations of his civil rights. He proceeds *in forma pauperis*. Because

the plaintiff is incarcerated, this case is governed by the Prison Litigation Reform Act

(the "PLRA"), 28 U.S.C. § 1915(b).

Ross' complaint raises two claims. First, he alleges that the public defender[1]

appointed to represent him in 2008-09 "did not complet[e] or ackno[w]ledge legal work

that [he] mailed to the county clerk's office by way of legal postage" in violation of Ross'

---

[1]     Ross names the "Texas State Bar Public Defendant Case # F-0861382-L Dallas County,
Dallas Texas" as the defendant in this case (Dkt 1, at 3). The Court construes the complaint to
name a public defender that represented Ross in a criminal matter. Public online records indicate
that Ross is serving a twelve-year sentence in TDCJ as a result of a 2009 conviction for
aggravated robbery with a deadly weapon, Case No. F-0861392-L, Dallas County, Texas. See
Offender      Information      Search,      available      at      https://offender.tdcj.texas.gov/
OffenderSearch/index.jsp (last visited Dec. 11, 2018).

First Amendment rights (Dkt. 1, at 4). He characterizes the public defender's conduct as "negligence through the omission of legal documents" (*id*. at 3). Second, Ross appears to allege that TDCJ's Montford Unit in Lubbock[2] violated his First Amendment rights in relation to Ross' medical condition (*id*. at 3-4) ("Texas State Industry's on Mon[t]ford unit being housed on the unit I was left to [illegible] things that would have caused my health to be in a state of [illegible] condition").

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and,

---

[2]    Ross names the "Texas Industry's Montford Unit Lubbock Texas" as the second defendant (*id*. at 3). The Court construes the complaint to name TDCJ's Montford Unit, which is located in Lubbock.

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

Ross brings two claims under the First Amendment. Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law" for a violation of the constitutional violation. *See Pratt v. Harris Cty., Tex*., 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). The First Amendment protects a prisoner's right of access to the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). The right to access the courts "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id*.

Ross fails to state a claim upon which relief may be granted. First, his allegation that the public defender did not complete or acknowledge Ross' "legal work" does not

allege any deprivation of an adequate opportunity to file nonfrivolous legal claims. *See id*. Moreover, a public defender acting as counsel in a state criminal proceeding is not a state actor for purposes of a Section 1983 claim. *See Polk Cty. v. Dodson*, 450 U.S. 312, 324-25 (1981); *Amir-Sharif v. Dallas Cty. Pub. Defenders Ofc.*, 233 F. App'x 364, 365 (5th Cir. 2007). Second, his claim against the Montford Unit regarding his medical condition also fails to articulate a cognizable claim under the First Amendment or other legal authority. *See Jones*, 188 F.3d at 325; *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (under the Eighth Amendment "[a] prison official acts with deliberate indifference only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it" (internal citation and quotation marks omitted)).

Additionally, to the extent Ross could state a claim for a constitutional violation, his claim regarding any harms in 2008-09 would be time-barred. Civil rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The two-year limitations period "begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). Ross claims that his injuries arose in 2008 and 2009 (Dkt 1, at 4). The two-year statute of limitations therefore expired, at the latest, in 2011. Ross did not file his complaint in this suit until September 25, 2018 and does not state facts that would warrant a later expiration of the limitations period. Because he waited more than

two years to file suit from the time his claims accrued, his complaint is untimely and subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Finally, the Court notes that, although the Court's docket lists Ross' address as the Darrington Unit, TDCJ's online records reflect that Ross currently is incarcerated in the Jester IV Unit.[3] Ross has not informed the Court of his changed address, despite the Court's prior instruction and dismissal warning. *See* Dkt. 5, at 3, ¶ 9 ("Plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution"); FED. R. CIV. P. 41(b); *Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (a district court may dismiss an action *sua sponte* for failure to prosecute an action or to comply with court orders). The Court therefore determines that dismissal is appropriate on this additional basis.

Accordingly, this case will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

For the reasons stated above the Court **ORDERS** that:

1.      The complaint (Dkt. 1) under 42 U.S.C. § 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief can be granted.

---

[3]      *See* Offender Information Search, available at https://offender.tdcj.texas.gov/ OffenderSearch/index.jsp (last visited Dec. 11, 2018).

2.      All pending motions, if any, are **DENIED as moot**.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Galveston, Texas, this 19th day of December, 2018.

_____
George C. Hanks Jr.
United States District Judge